## Pennsylvania Labor Relations Board v. Sacco

*Thomas D. McBride*, Attorney General, and *Richard H. Kutz*, Assistant Attorney General, for Pennsylvania Labor Relations Board.

*Anthony J. Ciotola*, for defendants.

PINOLA, J., September 23, 1957.—We have for consideration the petition of the Pennsylvania Labor Relations Board for enforcement of an order entered by the board against defendants, Anthony Sacco and Charles O'Donnell, residents of Hazleton, who operate a motion picture theatre at Tamaqua known as the Majestic Theatre.

The International Alliance of Theatrical Stage Employees, Local 218, filed written charges of unfair labor

practices against them. The board issued a complaint charging violation of section 6, subsec. 1, clauses (*a*) and (*e*) of the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, as amended, 43 PS §211.6. Later an amended charge was filed alleging violation of clause (*c*) as well.

After several continuances, a hearing was held and completed on March 22, 1956, and on June 28th, the board issued the order which it now seeks to enforce. It found that there was no violation of clause (*c*), but that there had been a violation of clauses (*a*) and (*e*).

On July 9th, exceptions were filed to the nisi decree and order, and on September 6, 1956, a final decision was rendered dismissing the exceptions and the order was made absolute and final.

On return of the rule to show cause why the enforcement order should not be entered, counsel for defenddants expressed a willingness to bargain with the union and since then several conferences have been had. However, since no agreement has been reached, the board insists upon enforcement of the order.

Counsel for defendants, on the other hand, urges: (1) That there is no testimony whatsoever to support the first paragraph of the order, which reads as follows: "Cease and desist from interfering with, restraining and coercing its employees in the exercise of their rights to self organization and collective bargaining guaranteed to them by the Pennsylvania Labor Relations Act"; and (2) that the board was without power to enter the final order on September 6, 1956, because the period of certification of local 218 had expired on June 30, 1956.

### Discussion

In connection with appeals, the Pennsylvania Labor Relations Act directs that upon review before the court "the findings of the board as to the facts, if sup-

ported by evidence, shall be conclusive": Act of 1937, P. L. 1168, sec. 9, as amended, 43 PS §211.9.

While substantial evidence is no longer required, there still must be more than a scintilla.

A careful reading of all the testimony leads us to agree with counsel for defendants in one phase of the case.

There is no testimony, and there is no finding of fact, as to any interference with the employes or any restraint and coercion upon them in the exercise of their rights to collective bargaining. There is only a conclusion of law with reference to clause (a). So we can only assume that the board inserted the first part of the order in the belief that the decisions of the Federal courts were applicable.

In National Labor Relations Board v. Remington Rand, Inc., 94 F. 2d 862, Judge Hand pointed out, page 869, that "a refusal to negotiate with one's employees does not properly 'interfere with,' 'restrain' or 'coerce' their right to 'bargain collectively'. Those words cover affirmative conduct; refusal to bargain is negative and was apparently left to section 8(5), 29 U. S. C. A. §158(5)." He held section 1(a) of the order to be valid nevertheless, "because the respondent did 'interfere with' rights secured by section 7, 29 U. S. C. A. §157 when it discharged twenty-eight of its employees for their union activity. . . ."

He felt compelled, however, to overrule this holding in Art Metals Const. Co. v. National Labor Relations Board, 110 F. 2d 148, because he learned that both the committee of the House and the Committee of the Senate in reporting the bill declared that sections 8(2), 8(3), 8(4) and 8(5), were species of the generic unfair labor practice defined in section 8(1). He said, pages 150-51:

"Certainly the language does not so plainly forbid

that construction that we must disregard it; on the contrary we consider it authoritative."

We have a high regard for the skill and acumen of Judge Hand and for that reason we regret that we cannot agree with him.

The acts which constitute unfair labor practice on the part of an employer are set forth in sequence preceded by the introductory clause "it shall be an unfair labor practice for an employer". The acts are separate and distinct and it does violence to plain English language to hold that when an employer refuses to bargain collectively, he is also, ipso facto, guilty of interfering with, restraining or coercing employes in the exercise of their guaranteed rights.

The board is not entitled to enforcement of paragraph 1 of its order.

The second question raised, namely, that of the passage of the statutory period of certification, presents a more difficult problem.

The National Labor Relations Act does not contain any express period during which the certification shall continue. However, Justice Frankfurter pointed out in Brooks v. National Labor Relations Board, 348 U. S. 96, 98, that in exercising the authority granted to it, the board has evolved certain working rules. One of these is that: "A certification, if based on a Board-conducted election, must be honored for a 'reasonable' period, ordinarily 'one year,' in the absence of 'unusual circumstances.' "

In line with that rule, the court in National Labor Relations Board v. Carlton Wood Products Co., 201 F. 2d 863, required an employer to continue to bargain with the certified union after the year had elapsed.

The Pennsylvania statute differs from the National Labor Relations Act in that it contains a specific limitation. The amendatory Act of June 9, 1939, P. L. 293, sec. 7 (c), contains this provision:

"Any certification of representatives by the board shall be binding for a period of one year, or for a longer period if the contract so provides, even though the unit may have changed its labor organization membership."

Judge Ellenbogen held that the board has only the powers conferred upon it by the legislation which created it and, therefore, a controversy as to the representation of employes by a labor organization becomes moot after expiration of the one year period unless there is a contract of longer duration: In re G. C. Murphy Company, 51 D. & C. 535.

The board in this case assumed that it had the power to extend the period of certification for a reasonable period beyond the expiration date of the certificate.

In National Labor Relations Board v. Gatke Corporation, 162 F. 2d 252 (1947, CA 7th), the court recognized the certification although the one year period had elapsed, because of decided management hostility to the certified union. The employer stalled off recognition of the union in the hope that such tactics would cause it to lose face and faith with its constituents. However, the court went on to say, page 255:

"We state . . . that this conclusion is not meant to lend sanction to certified bargaining representatives' authority for indefinite periods after their certification and especially where it satisfactorily appears they no longer represent the majority of the persons in the bargaining unit. Nothing said in this opinion should be construed as giving sanction of the Board's action, where more than a year has passed since the Board issued its certification or where it appears that the union which received the certification no longer represents the majority of the employees. The facts in each case must determine the date when the effect of the certification expires."

While the question of the expiration of the period

of certification was raised in the exceptions to the nisi decision, when application was made for the enforcement order, counsel for the employers asked for an opportunity of further bargaining in the hope of reaching an agreement. This was allowed by the court and they entered upon further negotiations.

If the employers wished to take advantage of the expiration of the certification period, it was their duty to notify the employes that they wanted a new certification. Here they gave no such notice but chose to bargain with the certified representatives even after the matter came to the court's attention.

Under the circumstances, they are estopped from questioning the authority of local 218.

We, therefore, conclude that the board is entitled to enforcement of paragraphs 2 and 3 of the order.

Accordingly, we enter the following

*Order*

And now, September 23, 1957, at 2 p.m., it is hereby ordered and decreed that the Majestic Theatre shall:

(1) Cease and desist from refusing to bargain collectively with the representatives of its employes, subject to the provisions of section 7(a) of the Pennsylvania Labor Relations Act, and (2) take the following affirmative action which the board finds will effectuate the policies of the Pennsylvania Labor Relations Act:

Post a copy of this decision and order within five days from the effective date hereof in a conspicuous place, readily accessible to the employes at Majestic Theatre, and have the same remain so posted for a period of 15 consecutive days.

Furnish satisfactory evidence to the Pennsylvania Labor Relations Board, by affidavit or affidavits, of compliance with this decision and order within 20 days from the effective date hereof.